Gaston, J.
 

 It is difficult, perhaps impracticable, to give to the section of the will, which we are called upon to expound, any construction, which may not contravene the words of one or other part of it. The first clause:
 
 “It
 
 is further my will and desire that
 
 all of
 
 my children, those of
 
 my
 
 first wife, to wit, Amos Jones, Ruffin Jones and Duffy Jones, and those of my second wife, to wit, Loton Jones and Thomas Jones, shall be equally provided for in property, and their estates upon their arriving at full age respectively, be asnearlyequal as may
 
 be” per se
 
 obviously imports an intention, on the part
 
 of
 
 the testator, of individual equality: that each child shall boas nearly equal, as practicable, in point of property. But the latter clause of the section declares in terms, which will admit of no other construction, that the property contemplated in that section shall be so valued and allotted, that the
 
 two
 
 children of the second wife shall receive as
 
 *433
 
 much as shall be equal in value to the
 
 whole
 
 of that, which at his death will accrue to the
 
 three
 
 children of the first wife. The equality thereby effected is an equality between the
 
 classes,
 
 not between the
 
 individuals.
 
 The words are as explicit as possible: “ and whereas, under the will of Amos Gooch, deceased, the
 
 three
 
 children of my first wife will be at my death entitled to the tract of land on which I now live and which is valuable, it is my will and desire that my executors select three good men to value
 
 the said land
 
 on which I live, and then to value of my slaves (remaining after my wife’s share is set off) a sufficient number to be
 
 equal in value to the said land,
 
 and that said slaves so valued be set apart by my executors, and it is my will and desire that they belong absolutely to my two children, Loton and Thomas, and that they be kept together undivided until the said Loton and Thomas shall arrive at full age, then be equally divided between them.” In this conflict — or apparent conflict — between the first and last clauses of this section, we hold it proper to assign to the latter the controllinginfluence; and this for several reasons. In the first place, this is the
 
 enacting or disposing
 
 part of the section. Nothing is done —no property is given or allotted, in the section, until we come to this clause. All the preceding parts do but constitute the proem or recital introductory to what is finally directed to be given or allotted in the concluding clause. The testator declares a wish or desire of equality in properly between his children, then states a fact, which may thwart hi® purpose, unless he make a special provision to meet the case;; and finally proceeds to declare directly and specifically what disposition shall be made of his property, in order to effect his purpose. Now it is a rule of good sense, as well ad of law, that a recital or preamble, however important, as explanatory of an ambiguous enactment or disposition, which it introduces, cannot be permitted to
 
 overrule
 
 the enactment or disposition, if it is free from ambiguity. It is a key to unlock the cabinet, where the will of him, who gives the law in the prescribed ease, is to be found; but it is not the cabinet, in which that will is deposited. In the next place, the language of the final or disposing clause is more unequivo
 
 *434
 
 cal and unyielding than that in the introductory clause. The former can admit of but one interpretation. Whatever is 4 given by it, is given by name to his two children, Loton and Thomas, absolutely. The gift is of as many negroes as shall be equal in value to the value of the tract of land whereon he then resided; and he expressly recognizes that this tract is, at his death, to be enjoyed by “ the three children of his former wife.” The two, Loton and Thomas, are to have as much as the other
 
 three.
 
 By no gloss — by nothing less than an explicit declaration
 
 to the
 
 contrary, and that made under such circumstances as to entitle it to higher reverence, and therefore to be regarded as annulling, to that extent, the precise disposition actually made in this clause, can it be held that Loton and Thomas shall receive but
 
 two-thirds
 
 of the value of the land, which is to be enjoyed by the other three. Now, while it is admitted, that the more obvious construction of the first or introductory clause is of an intended equality between the children as individuals— its language is not absolutely repugnant to the inference of an intended equality between them as
 
 classes
 
 — that is to say, “ the children of his first wife, to wit, Amos Jones, Ruffin Jones and Duffy Jones,” on the one side, and “ those of his second wife, to wit, Loton Jones and Thomas Jones” of the other. Moreover — although the declaration of the testator’s will for a
 
 certain equality
 
 between his children is made,with direct reference to the disposition, contained in that section only, it is, nevertheless, a declaration of an
 
 existing
 
 motive, at the moment of making his will. As such, it must have had some influence upon all the dispositions therein contained. Now, although these children are constituted residuary legatees and devisees, and therefore take equal shares of whatever is not specifically given away, there are special and exclusive gifts to the two children, Lo-ton aud Thomas, which
 
 cannot be controlled
 
 by the words in this clause, and which demonstrate, that, at the time of making the will, the testator did not intend an exact individual equality — that he was not under the influence of
 
 that motive
 
 — and that, therefore, in describing his general purpose of equality in the clause in question, it was a purpose.
 
 *435
 
 which would permit each of the two children, Loton and Thomas, to have a larger portion of property than either of his three elder children. The special and exclusive gills, to which we refer and for which there are no compensating gifts to his other children, are of the two tracts on Green’s Creek, subject to the widow’s life estate, with a special appropriation of five hundred dollars to their improvement. These certainly Loton and Thomas do take — and, by taking these, they are, by the act of the testator, made richer than either of their brothers. And finally — if the first clause •could be deemed entirely
 
 dispositive,
 
 and as completely certain as the last — and they cannot be reconciled to each other by any exposition — then the former must give way to the latter, upon the principle that in a will the last declaration of a testator’s purpose must prevail. It must be declared, therefore, that the construction contended for by the infant defendants, Loton and Thomas Jones, is the true construction of this will.
 

 Pee Cukiam, Declared accordingly.